UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA PULIDO, et al.,<br><br>    Defendants. | Case No. 14-cv-04471-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On October 6, 2014, Defendant Maria Pulido, et al. removed this unlawful detainer action from San Mateo County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant to show cause by October 23, 2014, why this case should not be remanded. No response has been received. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has/have not consented to the undersigned's jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to San Mateo County Superior Court. The order to show cause hearing is VACATED.

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Further, even if Defendant were to allege diversity jurisdiction, Plaintiff(s) brought this action in California, as the property at issue is located in the state. Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. § 1441(b); *Homesales, Inc. v. Amora,* 2012 WL 2061923, at * 1 (N.D. Cal. June 5, 2012)

1    (citing 28 U.S.C. § 1441(b)(2) (stating that a civil action "removable solely on the basis of the
2    jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly
3    joined and served as defendants is a citizen of the State in which such action is brought"); *Lincoln*
4    *Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)) (granting plaintiff's motion to remand unlawful
5    detainer case removed by defendants because, inter alia, defendants were California citizens and
6    action had originally been brought in California state court).

7    Moreover, the amount in controversy requirement does not appear to be met because the
8    damages claim in this case is under $10,000. In unlawful detainer actions, the amount of damages
9    sought in the complaint, not the value of the subject real property, determines the amount in
10   controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful
11   detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-
12   five thousand dollars ($25,000) or less." Cal. Civ. Pro. § 86(a)(4). Under 28 U.S.C. § 1332(a), a
13   district court has original jurisdiction over civil actions only where the amount in controversy,
14   exclusive of interest and costs, exceeds $75,000. Thus, even where an unlawful detainer action
15   involves foreclosure on a mortgage that exceeds $75,000, the amount of the mortgage does not
16   satisfy the amount in controversy requirement. *Deutsche Bank Nat'l Trust v. Heredia*, 2012 WL
17   4747157, at *2 (N.D. Cal. Oct. 3, 2012) (holding, inter alia, that the amount in controversy
18   requirement was not met even where the mortgage was valued at over $75,000 as per Deed of
19   Trust).

20   Finally, an anticipated federal defense or counterclaim is not sufficient to confer
21   jurisdiction. *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983);
22   *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994). "A case may not be removed to federal court on
23   the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."
24   *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213
25   F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.
26   2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court,
27   even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").
28   Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act,

3

1  Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal.  *See e.g.*
2  *Aurora Loan Serv., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD*
3  *Coastline LP v. Buck*, 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010); *Wescom*, 2010 WL
4  4916578, at 2–3; *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal.
5  March 29, 2010).

6  Thus, as jurisdiction appears to be lacking, and Defendant failed to respond to the order to show cause, the Court finds that the burden of demonstrating grounds for jurisdiction has not been met.  Accordingly, the undersigned finds that this case should be remanded.

9  Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

11  **IT IS SO ORDERED AND RECOMMENDED.**

13  Dated: October 28, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, NA,

    Plaintiff,

v.

MARIA PULIDO, et al.,

    Defendants.

Case No. 14-cv-04471-MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/28/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria Pulido
823 Shepard Way
Redwood City, CA 94062

Dated: 10/28/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES