UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A,

    Plaintiff,

    v.

AGUEDA ALVARADO, et al.,

    Defendants.
_____/

No. C 14-4471 PJH

**ORDER REMANDING CASE**

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed the complaint in this unlawful detainer action on December 11, 2013 (San Mateo County Sup. Ct. Case No. CLJ208869), seeking recovery of premises located at 823 Shepard Way, Redwood City, California, which Wells Fargo purchased on October 24, 2014 at a trustee's sale held in compliance with California Civil Code § 2924.  Notwithstanding the foreclosure sale, and service of a three-day Notice to Quit, defendants Agueda Alvarado and Hector Alvarado continued to occupy the premises without the consent of Wells Fargo.

On January 15, 2014, defendants removed the case to this court as Case No. C-14-0229, alleging diversity jurisdiction and federal question jurisdiction. On January 31, 2014, Wells Fargo filed a motion to remand.  With its motion, Wells Fargo filed a Request for Judicial Notice attaching copies of a number of official records, including the original December 5, 2006 Deed of Trust securing the loan obtained by Agueda Alvarado and Hector Alvarado; the November 8, 2013 Trustee's Deed Upon Sale reflecting the sale of the property to Wells Fargo; and the complaint for unlawful detainer (Case No. CLJ208869) filed by Wells Fargo in the San Mateo County Superior Court on December 11, 2013, against defendants Agueda Alvarado and Hector Alvarado.

On February 11, 2014, the court issued an order to show cause ("OSC") why the case should not be remanded for lack of subject matter jurisdiction. Defendants did not respond to the OSC by the deadline set by the court. On March 4, 2014, Magistrate Judge Maria-Elena James issued a report, recommending that the case be dismissed for lack of subject matter jurisdiction. See Wells Fargo Bank, N.A. v. Alvarado (No. C-14-0229, N.D. Cal.) Doc. 9. On March 28, 2014, the Hon. Jon S. Tigar issued an order adopting the report and recommendation, and remanding the case for lack of subject matter jurisdiction.

On May 30, 2014, defendants removed the unlawful detainer action as an adversary proceeding (No. 14-3060, N.D. Cal. (Bankr.)) to Agueda Alvarado's bankruptcy petition. The United States Bankruptcy Court remanded the unlawful detainer action to the San Mateo County Superior Court on July 2, 2014.

On August 5, 2014, defendants again removed the unlawful detainer case to this court, as case No. C-14-3529, alleging diversity jurisdiction and federal question jurisdiction. The notice of removal and attached documents appeared identical in every respect to the documents that were filed with the first notice of removal on January 15, 2014, except that defendants changed the dates on the signature pages, from January 14, 2014, to August 5, 2014.

In an order issued on September 9, 2014, the court remanded the case to the San Mateo County Superior Court for lack of subject matter jurisdiction. See Wells Fargo Bank, N.A. v. Alvarado (No. C-14-3529) Doc. 18. In the same order, the court instructed that the clerk "accept no further removals of this unlawful detainer action (San Mateo County Sup. Ct. Case No. CLJ208869) filed by Agueda Alvarado or Hector Alvarado, unless the filing is first approved by a judge of this court." See Sept. 9, 2014 Order at 2.

On October 6, 2014, in blatant disregard of the spirit, if not the actual words, of the September 9, 2014 order, Maria Pulido, a non-party to the unlawful detainer action, initiated the present action by filing yet another notice of removal of the same unlawful detainer action, falsely claiming to be a defendant in that case.

Defendants are the only parties who are statutorily permitted to remove cases from

state to federal courts.  See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.").  A non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446.  Tanha v. Macy's, Inc., 2013 WL 1365953 at *2 (N.D. Cal. Apr. 3, 2013.

For the reasons stated in the March 4, 2014 report and recommendation in Case No. C-14-0229, which was adopted by the court on March 28, 2014, the court hereby REMANDS the case to the San Mateo County Superior Court.[1]  The clerk of this court is instructed to accept no further filing of any notice of removal of San Mateo Superior Court case No. CLJ208869 without prior approval by a judge of this court.  Further, in the event that any party or non-party attempts to remove this case again, the court will invite Wells Fargo to file a motion for monetary sanctions.

**IT IS SO ORDERED.**

Dated: November 5, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Magistrate Judge James issued a report on October 28, 2014, recommending that the present action be remanded for lack of subject matter jurisdiction.  Under 28 U.S.C. § 636(b)(1), "any party may serve and file written objections to such proposed findings and recommendations."  In this case, however, given that this is the third improper removal of the unlawful detainer action, the court finds that summary remand is appropriate without consideration of any objections any party or non-party might wish to pose.